SIGNED THIS: January 6, 2012

_____
**Gerald D. Fines**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BEN MILLER and | ) | Bankruptcy Case No. 10-92570 |
| DEBBIE ANN MILLER, | ) | |
| | ) | |
| Debtors. | ) | |
| | | |
| BEN MILLER and | ) | |
| DEBBIE ANN MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 11-9055 |
| | ) | |
| STATE BANK OF ARTHUR, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court for trial on an Adversary Complaint filed by the Plaintiffs/Debtors against the Defendant, State Bank of Arthur; the Court, having heard sworn testimony and having reviewed written closing arguments submitted by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

The Plaintiffs/Debtors began their banking relationship with the Defendant, State Bank of Arthur (Bank), on or about February 25, 1995, when they opened a personal bank account in the names of Bennie A. Miller and Debbie A. Miller. The signature card for the Plaintiffs/Debtors' original personal bank account was signed by the Millers as "Bennie A. Miller" and "Debbie A. Miller." An unknown bank representative who filled out the signature card on the Plaintiffs/Debtors' original personal bank account noted the Millers' dates of birth by writing "Ben 3-12-56" and "Deb 2-5-60" on the card. Sometime after 1995, the Millers purchased a lawn and garden equipment business in Arthur, Illinois, known as Power Plus. During the period from January 2, 1999, to the present, the Millers executed and delivered to the Bank five separate promissory notes with varying principal amounts. In connection with the five promissory notes, the Millers also executed and delivered to the Bank four commercial security agreements and one mortgage, as security for the promissory notes. The commercial security agreements granted the Bank a security interest in substantially all of the Millers' business assets in the business known as Power Plus, with all loan documents being signed by Mr. Miller as "Bennie A. Miller."

In order to perfect its security interest in the Millers' business assets, the Bank filed a blanket UCC financing statement on January 7, 1999. The financing statement in question identified the Plaintiffs/Debtors as "Bennie A. Miller" and "Debbie A. Miller." Also, on the financing statement, the Millers' business or trade name was listed as "d/b/a Power Plus." The financing statement was signed by Mr. Miller as "Bennie A. Miller," and the Court finds that the Bank filed timely continuation statements of the original UCC-1 financing statement on September 5, 2003, and again on July 21, 2008.

On December 22, 2010, the Plaintiffs/Debtors filed for relief under Chapter 13 of the Bankruptcy Code scheduling the State Bank of Arthur as a secured creditor. The instant

adversary proceeding was filed by the Plaintiffs/Debtors on June 17, 2011, in which the Plaintiffs/Debtors seek to avoid the lien of the Bank against various assets of the business known as Power Plus to the extent that the financing statements filed by the Bank incorrectly identified the legal name of Mr. Miller as "Bennie A. Miller." There is no dispute that the financing statements in question correctly identify Mrs. Miller as "Debbie A. Miller."

At trial in this matter on October 24, 2011, Mr. Miller testified that he has gone by the name of "Bennie Miller" for much of his life and that is how he is generally known in the community. The evidence was also clear that Mr. Miller's unexpired driver's license and his Social Security card both list his name as "Bennie A. Miller." The evidence also indicated that Mr. Miller's name is listed as "Bennie A. Miller" on a number of other documents, including the deed to the Millers' residence, Federal Income Tax returns, a Capital One Credit Card Account, and the bill of sale from the purchase of the Millers' Power Plus business.

Although it is clear that Mr. Miller has gone by the name of "Bennie Miller" and "Bennie A. Miller" for much of his life, Mr. Miller's Indiana birth certificate lists his name as "Ben Miller." The parties agree that a UCC lien search for the Plaintiff/Debtor name "Ben Miller," using the Illinois Secretary of State's standard search logic, does not disclose the Bank's financing statement, while a search for the Plaintiff/Debtor name "Bennie Miller" does reveal the Bank's financing statement. It is the Plaintiffs/Debtors position that, as a result of failing to use the Plaintiff/Debtor's legal name of "Ben Miller," the UCC-1 financing statement and continuations thereof filed with the Illinois Secretary of State's Office by the Bank are insufficient to perfect the Bank's security interest in non-titled collateral owned by the Plaintiffs/Debtors through their business Power Plus. There is no dispute that a UCC lien search for the Plaintiff/Debtor name "Debbie Miller" does disclose the Bank's financing statement and that the Bank is therefore secured as to at least one-half of the assets in question.

Conclusions of Law

The issue before the Court is whether the financing statement of the Defendant, State Bank of Arthur, listing Mr. Miller's name as "Bennie A. Miller" is sufficient to perfect the Bank's security interest in collateral under §9-503 of the Illinois Uniform Commercial Code. Section 9-503 of the Illinois Uniform Commercial Code states that a financing statement sufficiently provides a debtor's name only if it provides the individual name of the debtor. 810 ILCS §5/9-503(a)(4)(A). Pursuant to §9-506 of the Illinois Uniform Commercial Code, only errors or omissions that make a financing statement "seriously misleading" render it ineffective. 810 ILCS §5/9-506(a). Under the facts of this case, it is undisputed that a UCC search for the name "Ben Miller," using the Illinois Secretary of State's standard search logic, does not disclose the Bank's financing statement. As a result, if this Court determines that the Bank's use of the name "Bennie A. Miller" on its financing statement is insufficient, then the error will be "seriously misleading" under §9-506(a) of the Illinois Uniform Commercial Code.

The majority of Courts that have addressed the individual debtor name issue under Article 9 of the Uniform Commercial Code, have determined that a financing statement must contain the debtor's *legal name* in order to be sufficient. See: In re Kinderknecht, 308 B.R. 71 (B.A.P. 10th Cir. 2004); In re Borden, 353 B.R. 886 (Bankr. D. Neb. 2006); and Pankratz Implement Co. v. Citizens Nat'l. Bank, 130 P.3d 57 (Kan. 2006).

In addition to reviewing the majority positions set forth in the parties' briefs, the Court has also reviewed the case of In re Larsen, 2010 Bankr. Lexis 717 (Bankr. S.D. Iowa 2010), in which a bank filed a UCC financing statement identifying the debtor/husband as "Mike D. Larsen" instead of his full legal name "Michael D. Larsen." As in this case, the parties in the Larsen case agreed that entering the name "Michael D. Larsen" in the Secretary of State's search engine did not disclose the bank's financing statement. The Court in Larsen, refused to find that the use of the name "Mike D. Larsen" in the financing statement was not seriously misleading, finding that adoption of the position taken by the bank in the Larsen case, "would result in a return to a

4

standard developed under the former statute, and would ignore the intent of the current code requirements."

Under the undisputed facts of this case, the Court finds that Mr. Miller's legal name as indicated on his Indiana birth certificate is in fact "Ben Miller." The evidence does not support the Bank's position that Mr. Miller has legally changed his name to "Bennie Miller." The only case which the Bank cited in support of its position that a person might have two acceptable names for the purpose of a financing statement is Peoples Bank v. Bryan Brothers Cattle Company, 504 F.3d 549 (5th Cir. 2007). There is no dispute that the position taken in Bryan Brothers is a minority position and was most recently rejected by the Bankruptcy Court in the case of In re Larsen, supra. While the Court recognizes that various states have amended the Uniform Commercial Code to address the situation presented here, those amendments have not been adopted in Illinois. Under the current status of the Illinois Uniform Commercial Code, this Court must find that the Bank's use of the name "Bennie A. Miller" on its financing statement was "seriously misleading."

In its closing Brief, the Bank first argued the unpleaded affirmative defense of equitable estoppel. Equitable estoppel is an affirmative defense which, under Rule 8(c) of the Federal Rules of Civil Procedure made applicable to Bankruptcy proceedings under Bankruptcy Rule 7008(a), requires such an affirmative defense to be set forth in a responsive pleading. In re Kmart Corp., 318 B.R. 409 (N.D. Ill. 2004). Some Courts have held that a party may present an unpleaded defense later in the case if the party raises the defense at the first pragmatically possible time, and applying it at that time would not unfairly prejudice the other party. Rose v. AmSouth Bank, 391 F.3d 63, at 65 (2nd Cir. 2004). The Bank does not argue that raising the affirmative defense of equitable estoppel in its post-trial brief was the earliest possible time that it could assert the defense. In fact, the Bank does not mention its failure to plead the defense at all. Raising the defense at this stage of the proceeding gives the Plaintiffs/Debtors only a chance to argue the issue and no substantive ability to develop evidence to respond to the issue. There

is no evidence of fraud in this case, and, as the law currently exists in the State of Illinois, a UCC-1 financing statement must set forth the legal name of a borrower. If a logic search for that legal name does not disclose a financing statement using a different name or variation of that name, then the financing statement is "seriously misleading" and subject to avoidance.

As a result of this Court's decision the State Bank of Arthur will receive Mrs. Miller's 50% share in the assets of the business known as Power Plus. The remainder of the assets will be distributed under the Plaintiffs/Debtors' Chapter 13 Plan, going first to the Trustee and then to the Plaintiffs/Debtors' creditors. The Plaintiffs/Debtors will receive no distribution from the assets. This Court finds that the Plaintiffs/Debtors' Adversary Complaint should be allowed to the extent that the lien of the Defendant, State Bank of Arthur, on the assets of the business known as Power Plus will be avoided as to Mr. Miller's 50% share.

###